IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORBERTO PANGELINAN PEREZ, JR., 92-779 Makakilo Drive, Apt. 14 Kapolei, Hawaii 96707 808-699-0227,<br><br>  Plaintiff,<br><br>  vs.<br><br>DR. KIM COOK (EXECUTIVE DIRECTOR) U.S. VETS 91-1039 Shangrila Way Kapolei 808-672-2988, et al.,<br><br>  Defendants. | CIVIL 14-00018 LEK-KSC |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Dr. Kim Cook, Leonard Smith, and U.S. Vets Inc.'s ("US Vets," all collectively "US Vets Defendants") Motion to Dismiss ("Motion"), filed on March 11, 2014. [Dkt. no. 4.] Pro se Plaintiff Norberto Pangelinan Perez, Jr. ("Plaintiff") filed his memorandum in opposition on June 16, 2014,[1] and the US Vets Defendants filed their reply on June 23, 2014. [Dkt. nos. 22-1, 25.] This matter came on for hearing on July 28, 2014. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, the US Vets Defendants' Motion is

---

[1] Plaintiff submitted a letter to this Court dated June 14, 2014, and this Court construed it as his memorandum in opposition to the Motion. [EO: Court Order Regarding Hearing on Defs.' Motion to Dismiss, filed 6/16/14 (dkt. no. 22).] The letter is attached to the EO as Exhibit A.

HEREBY GRANTED and Plaintiff's Complaint is HEREBY DISMISSED WITHOUT PREJUDICE for the reasons set forth below.

**BACKGROUND**

On January 17, 2014, Plaintiff filed a document titled "Declaratory Judgment. Compensation and Relief." [Dkt. no. 1.] This Court construes the document as Plaintiff's Complaint.

According to the Complaint, in September 2013, Plaintiff's treating physician released him from Wahiawa General Hospital to the Veterans Hospice Facility run by US Vets ("the Facility"). [Id. at pg. 1.] A few days later, Defendant Don Nix was assigned as Plaintiff's roommate.[2] According to Plaintiff, Nix was suicidal and did not "believe in personal grooming such as bathing and taking a shower." [Id. at ¶ 1.] Plaintiff states that he made numerous complaints to "the VSO and 911,"[3] but nothing was done for two months or more. [Id.] According to Plaintiff, the VSO directed him to talk to his case manager at the Facility, Shelli McDow, but Plaintiff states that she "was recently terminated." [Id.] He states that his primary care physicians, and others, advised him to leave the Facility and live somewhere else because his "living arrangement at the

---

[2] Nix has not appeared in this case, and there is no indication in the record that Plaintiff served Nix.

[3] The Complaint does not specify what VSO is, but the United States Department of Veterans Affairs' website uses the acronym VSO to refer to "Veterans Service Organizations."

2

[Facility] was compromising [his] recovery state of well-being."
[Id. at ¶ 12.]

Plaintiff does not clearly state what his claims are or what legal authority he relies upon for his claims, but he prays for the following relief:

> We[4] want a Federal Judge to hear the merits of the case and to rule accordingly to suspend or terminate the operation of the firm until such time as every member of the staff is properly trained with the warning signs of suicide which they blatantly ignored and which they profess to be experts[.]
>
> . . . .
>
> 6. We want Public Health to investigate this facility ASAP. It is a deathtrap and all the resident [sic] may be at risk of e coli and other feces bourne disease. There are feces on the shower and bathroom floors.
>
> 7. We want Mental Health to investigate this facility ASAP. Some of the residents belong in a Hospital or Mental Ward . . . .
>
> 8. We want the Courts to render immediate Summary Judgment in the amount of 9 nine million dollars as punitive damages for their own negligence, ignorance and indifference.
>
> 9. We want the Courts to grant immediate Declaratory Judgment in the amount of $300,000.00 . . . to compensate me for my anguish and suffering and placing my health in jeopardy.

---

[4] It is not clear who "we" refers to because Perez is the only Plaintiff.

> 10. We want the Courts to grant Summary Judgment in the amount of $1430.00 to compensate me for my expenses while living away from the Hospice environment. Hotel is $110.00 while daily food expenses is around $23.00 a day for a total of $1430 for ten days.
>
> 11. We want the Courts to render immediate Summary Judgment in the amount of $1110.00 topay [sic] for this lawsuit as filed. Filing fee is $400.0 [sic] and Marshal's Service fee is $450.00. While the cost of writing, editing picture development and copies plus other incidentals come out to $1110.00 . . . .

[Id. at pgs. 2-3 (citations omitted).]

The caption of the Complaint identifies Defendant Dr. Kim Cook as the executive director of the Facility and Defendant Leonard Smith as the project manager of the Facility.

In the instant Motion, the US Vets Defendants argue that: 1) this Court should dismiss this action because the Court lacks subject matter jurisdiction; and 2) even if there is jurisdiction, the claims against them fail to state a claim upon which relief can be granted.

### **STANDARD**

The US Vets Defendants bring the instant Motion pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative Rule 12(b)(6). Rule 12(b) states, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

>    (1) lack of subject-matter jurisdiction;
>
>    . . . .
>
>    (6) failure to state a claim upon which
>        relief can be granted[.]

## A.    <u>Standards Common to 12(b)(1) Motions & 12(b)(6) Motions</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. 1955). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. 1955 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (internal quotation marks omitted)).

"Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." <u>Harris v. Amgen, Inc.</u>, 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).

**B.   Standards Specific to Rule 12(b)(1)**

A Rule 12(b)(1) motion "may (1) attack the allegations of a pleading as insufficient to confer subject matter jurisdiction on the court ('facial attack') or (2) attack the existence of subject matter jurisdiction in fact ('factual attack')." Krakauer v. Indymac Mortg. Servs., Civ. No. 09-00518 ACK-BMK, 2013 WL 704861, at *2 (D. Hawai`i Feb. 26, 2013) (citations and internal quotation marks omitted).

When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

**DISCUSSION**

**I.   Federal Jurisdiction**

28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." The Ninth Circuit has stated that: "As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (some citations and quotation marks omitted) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)).

Plaintiff has been very clear in his position.[5] This Court understands his argument that the US Vets Defendants should be subject to federal jurisdiction because US Vets is funded by federal grants and because it is a tax-exempt organization pursuant to 26 U.S.C. § 501(c), but the law requires more.

First, this Court has previously rejected the argument that an organization's § 501(c) status creates federal jurisdiction over claims that are unrelated to the organization's tax status. In Rutledge v. Unity House Inc., this Court ruled that it did not have subject matter jurisdiction over the

---

[5] Plaintiff has not argued that there is diversity jurisdiction in this case. Further, the Court notes that there is no diversity jurisdiction here because complete diversity of citizenship is lacking. See 28 U.S.C. § 1332(a)(1); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Based upon the Complaint's allegations, see, e.g. Complaint at ¶ 1, at least Plaintiff and Defendant Nix are citizens of Hawai`i for purposes of diversity jurisdiction.

7

plaintiff's claim because "[t]he Complaint does not mention § 501(c), let alone that it creates a cause of action. Nor does [the p]laintiff argue that his asserted right to relief depends on the resolution of a substantial question regarding § 501(c) or any other federal law." No. 11-00096 LEK-KSC, 2013 WL 5214670, at *8 (D. Hawai`i Sept. 17, 2013).

Second, the mere fact that US Vets receives federal grants is not enough to create federal jurisdiction over Plaintiff's claims. Section 1331 requires that Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States." However, even construing the Complaint liberally because Plaintiff is proceeding pro se, see Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (stating that the pro se plaintiff's pleadings "must be liberally construed" (citation omitted)), Plaintiff's Complaint does not allege any claims that arise under federal law. No statute or case law allows federal courts to exercise jurisdiction over a plaintiff's non-federal claims based solely on the fact that a defendant accepts federal grants, or other forms of federal funding. Further, because Plaintiff has not raised any allegations about the type of federal grants that US Vets receives, this Court cannot determine whether the federal statute governing the grants is related to Plaintiff's claims or whether the governing statute creates federal causes of actions.

This Court therefore concludes that it does not have subject matter jurisdiction over Plaintiff's claims, and DISMISSES the Complaint pursuant to Fed. R. Civ. P. 12(b)(1). However, because it is arguably possible for Plaintiff to cure the defects in his Complaint by amendment, see Harris, 573 F.3d at 737, the dismissal is WITHOUT PREJUDICE.

## II. Leave to Amend

Insofar as this Court has dismissed Plaintiff's Complaint for lack of subject matter jurisdiction, this Court does not need to address the US Vets Defendants' argument that the Complaint fails to state plausible claims against them. However, because this Court has granted dismissal without prejudice, this Court notes that Plaintiff may be attempting to allege claims that sound in state law, such as a negligence claim. Nothing in this order prevents Plaintiff from raising his claims in state court.

If Plaintiff amends his Complaint and he includes state law claims, he must establish a basis for federal jurisdiction of his state law claims, such as diversity jurisdiction, see supra note 5, or supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Further, Plaintiff's amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief," see Fed. R. Civ. P. 8(a)(2), and he must satisfy this requirement as to each of the

9

defendants.  See Flores v. EMC Mortg. Co., Case No. CV F 14-0047 LJO GSA, 2014 WL 641097, at *5 (E.D. Cal. Feb. 18, 2014) ("A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." (citation and internal quotation marks omitted)).  Finally, to the extent that Plaintiff seeks prospective injunctive relief regarding the Facility, *i.e.* an order requiring one or more of the defendants to take certain action or to stop certain on-going actions, Plaintiff's request is moot because he no longer resides at the facility.  However, Plaintiff's request for prospective injunctive relief would not be moot if he is likely to be placed at the Facility again in the foreseeable future.  See Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) (stating that "a suit becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" (citations and internal quotation marks omitted)).

This Court grants Plaintiff leave to file an amended complaint, but this Court emphasizes that Plaintiff's amended complaint must cure the defects identified in this Order. Plaintiff shall file his amended complaint by no later than **September 19, 2014.**  Plaintiff must attach any exhibits that he

wishes to rely upon in the amended complaint.  Plaintiff may not incorporate by reference exhibits that he attached to his original Complaint.  This Court CAUTIONS Plaintiff that, if he fails to file his amended complaint by **September 19, 2014**, or if the amended complaint fails to cure the defects identified in this Order, this Court may dismiss Plaintiff's case with prejudice.

### CONCLUSION

On the basis of the foregoing, the US Vets Defendants' Motion to Dismiss, filed March 11, 2014, is HEREBY GRANTED.  Plaintiff shall file his amended complaint, consistent with the terms of this Order, by no later than **September 19, 2014**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 19, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NORBERTO PANGELINAN PEREZ VS. DR. KIM COOK, ET AL.; CIVIL NO. 14-00019 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**