IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NORBERTO PANGELINAN PEREZ,    )    CIVIL 14-00018 LEK-KSC
JR., 920779 Makakilo Drive,   )
Apt. 14 Kapolei, Hawaii 96707 )
808-699-0227,                 )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
DR. KIM COOK (EXECUTIVE       )
DIRECTOR) U.S. VETS 91-1039   )
Shangrila Way Kapolei 808-    )
672-2988, et al.,             )
                              )
          Defendants.         )
_____)


**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

On January 17, 2014, pro se Plaintiff

Norberto Pangelinan Perez, Jr. ("Plaintiff") filed a document

which this Court construed as Plaintiff's Complaint.  On

August 19, 2014, this Court issued its Order Granting Defendants'

Motion to Dismiss ("8/19/14 Order").[1]  [Dkt. no. 29.]  This Court

ruled that Plaintiff's Complaint did not plead a basis for

federal jurisdiction because neither US Vets's tax-exempt status

nor the fact that US Vets receives federal grants create federal

jurisdiction over Plaintiff's claims.  The 8/19/14 Order stated

that, if Plaintiff chose to file an amended complaint, he was to

do so by September 19, 2014.

---

[1] The defendants in this action are Dr. Kim Cook,
Leonard Smith, and U.S. Vets Inc. ("US Vets," all collectively
"US Vets Defendants").

Plaintiff has not filed an amended complaint, or any other document in this case, since this Court issued the 8/19/14 Order. Plaintiff is on notice that, "if he fails to file his amended complaint by September 19, 2014, or if the amended complaint fails to cure the defects identified in this Order, this Court may dismiss Plaintiff's case with prejudice." [8/19/14 Order at 11 (emphasis omitted).]

Since Plaintiff has not filed an amended complaint to correct the deficiencies in his Complaint by the deadline, this Court has the discretion to dismiss Plaintiff's Complaint with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[2] After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public

_____

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other
> (continued...)

2

interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, Defendants will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

Plaintiff's Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE. This Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 25, 2014.



　　　　　　　　　　　　 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NORBERTO PANGELINAN PEREZ, JR. VS. DR. KIM COOK, ETC., ET AL; CIVIL 14-00018 LEK-KSC; ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

------------------------

[3](...continued)
　　　　party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).